UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JIMMY HEARD ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 3:09-1144 |
| ] | |
| JAMES FORTNER, WARDEN ] | |
|     Respondent. ] | |

**To: Honorable William J. Haynes, Jr., District Judge[1]**

# R E P O R T   A N D   R E C O M M E N D A T I O N

By an order (Docket Entry No. 27) entered April 30, 2010, the Court referred this action to the undersigned "for further proceedings under Rule 8(b), Habeas Corpus Rules, 28 U.S.C. § 636(b)(1)(B), and Rule 7, L.R.M.J."

Presently before the Court are the petitioner's Motion for Partial Judgment (Docket Entry No. 23), respondent's Motion to Dismiss (Docket Entry No. 25), and petitioner's Motion for Summary Judgment (Docket Entry No. 26). The undersigned has reviewed these pleadings and the expanded record and has concluded, for the reasons stated below, that the petitioner's dispositive Motions

---

[1] With the retirement of Judge Robert L. Echols, this case was reassigned to the docket of Judge William J. Haynes, Jr. Docket Entry No.30.

1

lack merit and should be denied. The Magistrate Judge has further determined that the respondent's Motion to Dismiss does have merit and should be granted.

## I. BACKGROUND

The petitioner, proceeding *pro se*, is an inmate at the Northeast Correctional Complex in Mountain City, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against James Fortner, Warden of the Turney Center Industrial Prison, seeking a writ of habeas corpus.[2]

On February 1, 2007, a jury in Rutherford County found the petitioner guilty of conspiracy to commit aggravated robbery, aggravated robbery, attempted second degree murder, and two counts of felony evading arrest. For these crimes, he received an aggregate sentence of forty four (44) years in prison. Docket Entry No. 25-2 at pgs. 10-16.

The petitioner attacked his convictions and sentences in a Motion for New Trial. Docket Entry No. 25-2 at pgs. 17-23. The trial judge granted the Motion in part and denied it in part. The Motion was granted as to the attempted murder conviction but was denied as to all remaining convictions. *Id.* at pgs. 58-61. The

---

[2] At the time this action was filed, the petitioner was an inmate at the Turney Center Industrial Prison where Warden James Fortner was his custodian. The petitioner, however, has since been moved to the Northeast Correctional Complex where Warden David Sexton has become his current custodian. Docket Entry No.38.

2

prosecution filed an appeal but the Tennessee Court of Criminal Appeals affirmed the trial court's partial grant of the Motion for New Trial. Docket Entry No. 25-4.

It is unclear at this time whether the petitioner has been retried on the attempted murder charge. It is apparent from the record, though, that the petitioner has never sought review of his remaining convictions through either direct appeal or post-conviction proceedings.

## II. PROCEDURAL HISTORY

On November 30, 2009, the petitioner filed the instant petition (Docket Entry No.1) for federal habeas corpus relief.[3] The petition contains seven claims for relief. These claims include :

1) judicial misconduct
   a) a General Sessions judge helped the prosecution to cover up the loss of evidence favorable to the defense;
   b) the trial judge refused to recuse himself after announcing in open court "that he received information that the defendant was going to kill him";
   c) the Magistrate "raised defendant's bond without jurisdiction";

2) prosecutorial misconduct
   a) the prosecutor allowed the police to interrogate the petitioner without

---

[3] The petition was stamped by the Clerk's Office as filed on December 3, 2009. A pleading from a prisoner, though, is deemed filed on the day that it was given to a prison official for posting. Houston v. Lack, 487 U.S. 266 (1988). In this case, the petitioner avers that his pleadings were given to prison officials for posting on November 30, 2009. See Docket Entry No. 2 at pg.5. That date, therefore, is considered the day that the petition was presumably placed in the prison postal system.

>           the benefit of counsel;
>        b) the prosecution "misplaced" evidence
>           favorable to the defense;
>
>     3) the trial court lacked jurisdiction to try
>        and sentence the petitioner; and
>
>     4) unlawful detainers (Docket Entry No.25-5 at
>        pgs.23-24) were placed against the petitioner.

The Court conducted a preliminary review of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, by an order (Docket Entry No. 3) entered on December 18, 2009, the respondent was directed to file an answer, plead or otherwise respond to the petition.

Presently pending before the Court are the petitioner's Motion for Partial Judgment (Docket Entry No. 23), respondent's Motion to Dismiss (Docket Entry No. 25), and the petitioner's Motion for Summary Judgment (Docket Entry No. 26). Having carefully considered these pleadings and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545,550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief).

### III. ANALYSIS OF THE CLAIMS

Since the state courts have granted the petitioner a new trial with respect to the attempted murder charge, that conviction has been voided and is not presently before the Court. The only convictions being challenged here, therefore, are the convictions

for conspiracy to commit aggravated robbery, aggravated robbery, and two counts of felony evading arrest. 28 U.S.C. § 2254(a).

In his Motion for Partial Judgment, the petitioner claims that the detainers placed against him by Montgomery County, Tennessee and Warren County, Kentucky, are unlawful and, as a result, should be removed from his file.

The respondent has offered two defenses in support of his Motion to Dismiss this action. First, he contends that the petitioner's application for habeas corpus relief is untimely. The respondent also argues that dismissal is required because the petitioner procedurally defaulted his state court remedies prior to filing the instant action.

The petitioner has filed a Motion for Summary Judgment in reply to the respondent's Motion to Dismiss. In this Motion, the petitioner alleges that his habeas corpus petition is timely because the Tennessee Court of Criminal Appeals granted him a stay of all trial proceedings related to the attempted murder conviction. Docket Entry No. 25-5 at pg.43.

**A.) Timeliness of the Petition**

The respondent maintains that this action is untimely. A one year period of limitation has been placed on the filing of § 2254 petitions. Thus, a prisoner in custody pursuant to the judgment of a state court has one year from the "date on which the judgment became final by the conclusion of direct review or the expiration

5

of the time for seeking such review" in which to file his petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1)(A).[4]

On February 1, 2007, a jury found the petitioner guilty of conspiracy to commit aggravated robbery, aggravated robbery, and two counts of felony evading arrest. He was sentenced for these crimes on March 19,2007. The petitioner filed a Motion for New Trial which was denied as to these convictions on July 18, 2007. Docket Entry No. 25-2 at pgs.58-61.

The petitioner had thirty (30) days from that date, or until August 17, 2007, in which to file a direct appeal of the convictions. Rules 4(a) and (c), Tenn.R.App.P. No such appeal was forthcoming. Accordingly, petitioner's judgments became final on August 18, 2007. The one year limitation period began to run from that date, giving the petitioner until August 18, 2008 in which to initiate the instant action.

The petitioner filed his federal habeas corpus petition (Docket Entry No. 1) on November 30, 2009, more than fifteen (15) months beyond the expiration of the limitation period. Thus, this action is untimely.

It should be noted, however, that the limitation period is statutorily tolled during the time that a properly filed

---

[4] 28 U.S.C. § 2244(d) actually provides that the limitation period will begin to run from the latest of four dates, one of which is the date the judgment became final. The other three potential dates do not apply in this case.

application for post-conviction relief is pending in the state courts. 28 U.S.C. § 2244(d)(2). In this regard, the petitioner did file a *pro se* petition for state habeas corpus relief in the Circuit Court of Hickman County. Docket Entry No.25-5 at pgs.4-13. That petition was filed on March 3, 2009, after the limitation period had long since expired. Therefore, petitioner's state habeas corpus action had no tolling effect on the limitation period. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).[5]

**B.) Equitable Tolling of the Limitation Period**

The limitation period does not act as a jurisdictional bar. For that reason, the one year limitation period is subject to equitable tolling in appropriate circumstances. Griffin v. Rogers, 399 F.3d 626, 631 (6th Cir.2005). The doctrine of equitable tolling, however, should be applied sparingly. Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir.2001).

The petitioner bears the burden of showing that he is entitled to an equitable tolling of the limitation period. Keenan v. Bagley, 400 F.3d 417, 420 (6th Cir.2005). To satisfy this burden, the petitioner must establish (1) that he has been pursuing his rights

---

[5] Also of note is the fact that the petitioner attacked his convictions in an earlier petition for federal habeas corpus relief. That action was filed on November 1, 2007 and was dismissed on December 12, 2007 without prejudice for failure to exhaust state court remedies. Heard v. Worthington, et al., Civil No.3:07-1081 (Campbell, CJ., presiding). A federal habeas corpus petition does not toll the limitation period. Duncan v. Walker, 533 U.S. 167,181-82 (2001).

diligently, and (2) that some extraordinary circumstance has stood in his way. Pace, *supra* at 544 U.S. 418.

In this regard, the petitioner has offered no explanation as to why he delayed in filing his federal habeas corpus petition. Therefore, equitable tolling would not be appropriate.

**C.) Procedurally Defaulted Claims**

The respondent also argues, in the alternative, that the petition should be denied because the petitioner procedurally defaulted all available state court remedies for his claims. Out of an abundance of caution, the Magistrate Judge shall address this affirmative defense.

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to every available level of the state court system. Rose v. Lundy, 455 U.S. 509, 518-20 (1982). Once his federal claims have been raised in the highest

state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[6]

The petitioner never sought any type of state review for his claims beyond the Motion for New Trial, even though he could have pursued a direct appeal of the convictions or some type of post-conviction relief. Unfortunately, at this late date, it appears that state court remedies for petitioner's claims are no longer available to him. *See* Tenn. Code Ann. § 40-30-102(a) and (c). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to his claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

The exhaustion of a claim via procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a federal habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of

---

[6] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; *see also* Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

9

federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Gray v. Netherland, 518 U.S. 152, 162 (1996).

A habeas petitioner can not rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or argument as to the precise cause and prejudice produced. Lundgren v. Mitchell, 440 F.3d 754, 764 (6th Cir.2006). To demonstrate cause, the petitioner must show that an objective factor external to the defense interfered with his ability to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish prejudice, there must be a showing that the trial was infected with constitutional error. United States v. Frady, 456 U.S. 152, 170-72 (1982).

The petitioner has offered neither cause nor prejudice for his failure to timely exhaust the state court remedies that would have been available to him. Consequently, his procedural default of those remedies is unexcused. An unexcused procedural default will not support an award of habeas corpus relief. Teague v. Lane, 489 U.S. 288, 297-98 (1989)(denial of a claim is appropriate when the claim was not raised in the state appellate court for review).

# R E C O M M E N D A T I O N

Upon careful consideration of the petitioner's dispositive motions (Docket Entry Nos. 23 and 26), respondent's Motion to Dismiss (Docket Entry No. 25), and the expanded record, it appears that the instant action is both untimely and subject to dismissal for procedural default. Accordingly, the undersigned respectfully RECOMMENDS that the respondent's Motion to Dismiss should be granted. It is further RECOMMENDED that the petitioner's dispositive motions be DENIED.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

_____
E. Clifton Knowles
United States Magistrate Judge